**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| Sherry Henderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:23cv156 HSO-BWR |
| | ) | |
| Head Mercantile Company, Inc., d/b/a | ) | |
| S.O.S. Group/Strategic Outsourcing | ) | |
| Solutions, an Ohio corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Sherry Henderson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.    Plaintiff, Sherry Henderson ("Henderson"), is a citizen of the State of Mississippi, residing in the Southern District of Mississippi, from whom Defendant attempted to collect numerous defaulted consumer debts, which she allegedly owed for medical services.

4.    Defendant, Head Mercantile Company, Inc., d/b/a S.O.S. Group/Strategic

1

Outsourcing Solutions ("SOS"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. SOS operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Mississippi.

5.     Defendant SOS was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

6.     Although Defendant SOS is not authorized to conduct business in the State of Mississippi it does, in fact, conduct business in Mississippi.

## FACTUAL ALLEGATIONS

7.     Due to financial difficulties, Plaintiff was unable to pay her debts, including numerous debts she allegedly owed for medical services. Defendant SOS attempted to collect these debts from her via negative credit reporting.

8.     Plaintiff hired Bond & Botes to help her with her debt issues, including the medical service debts that Defendant SOS was attempting to collect from her.

9.     Bond & Botes is a group of seven law firms -- these law firms see clients in fourteen offices throughout Mississippi and Alabama.

10.     At no fee to their clients, the Bond & Botes firms help their clients dispute debts that they do not owe, or that they are uncertain about whether those debts are valid.

11.     Unsure about Defendant SOS, and unsure about the debts, Ms. Henderson consulted with counsel about her debt issues and the debts that SOS was trying to collect.

12.     Accordingly, Ms. Henderson's attorney wrote to Defendant SOS, via a letter dated April 4, 2023, to notify SOS that Ms. Henderson was represented by counsel, and that she disputed the debts that SOS was trying to collect. A copy of this letter and facsimile confirmation are attached as Exhibit A.

13.     This letter was sent via fax to Defendant SOS and was not returned as undeliverable.

14.     On June 6, 2023, Ms. Henderson obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant SOS had continued to report the debts she allegedly owed but had failed to report that all the debts were disputed. The pertinent part of Ms. Henderson's TransUnion credit report is attached as Exhibit B.

15.     As a result of Defendant's failure to note that all of the debts were disputed, when it continued to report the debts to TransUnion, Ms. Henderson was forced to take an action to her detriment, by taking the time, effort and expense to have her attorney send Defendant yet another letter, reminding Defendant that she had disputed all the debts that it was reporting. A copy of this letter is attached as Exhibit C.

16.     Defendant's violations of the FDCPA were material because Defendant's failure to note that all the debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit reports, that all the debts were disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debts.

17.     Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law

3

principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

18.    Defendant's collection actions alarmed, confused and emotionally distressed Ms. Henderson, harmed her credit reputation, negatively impacted her credit score, caused her to act to her detriment, and cost her time, effort and expense.

19.    All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

20.    Plaintiff adopts and realleges ¶¶ 1-19.

21.    Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-1154 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

22.    Defendant, by continuing to report the debts to the credit reporting agency, when it knew that all the debts were disputed by Plaintiff, and by failing to report that all

the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

23.     Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

24.     Plaintiff adopts and realleges ¶¶ 1-19.

25.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26.     Defendant, by continuing to report the debts to the credit reporting agency, when it knew that all the debts were disputed by Plaintiff, and by failing to report that all the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

27.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Sherry Henderson, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Henderson, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

Sherry Henderson,

By: s/ Edwin Woods, Jr._____
One of Plaintiff's Attorneys

Dated: June 23, 2023

Edwin Woods, Jr. (Miss. Bar No. 8893)
Bond, Botes & Woods, P.C.
5760 I-55 North Frontage Road
Suite 100
Jackson, Mississippi 39211
(601) 353-5000
ewoods@bondnbotes.com

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Mississippi 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com