IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHERRY HENDERSON** | § § § | **PLAINTIFF** |
| v. | § § § | Civil No. 1:23-cv-156-HSO-BWR |
| **HEAD MERCANTILE COMPANY, INC.**, *doing business as* **S.O.S. GROUP/STRATEGIC OUTSOURCING SOLUTIONS**, *an Ohio Corporation* | § § § § § § | **DEFENDANT** |

### ORDER DENYING MOTION [11] FOR DEFAULT JUDGMENT, SETTING ASIDE CLERK'S ENTRY OF DEFAULT [10], AND REQUIRING PLAINTIFF SHERRY HENDERSON TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION

THIS MATTER is before the Court sua sponte to consider its subject-matter jurisdiction. Plaintiff Sherry Henderson's ("Plaintiff") Complaint [1] invokes the federal question jurisdiction of this Court under 28 U.S.C. § 1331 and alleges that Defendant Head Mercantile Company, Inc. ("Defendant") violated 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"). Compl. [1] at 1. Summons was executed on Defendant on August 29, 2023. Doc. [8] at 2. Defendant has not answered the Complaint [1], so Plaintiff sought an entry of default on October 5, 2023, Mot. [9], and the Clerk issued an Entry of Default [10] under Federal Rule of Civil Procedure 55(a) on October 6, 2023. This "entry simply [was] an official recognition of the fact that [Defendant was] in default" for failure to timely answer the Complaint [1], and was "an interlocutory step . . . under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b)." Charles Allen Wright

et al., *Relief From a Default—In General*, 10A Fed. Prac. & Proc. Civ. § 2692 (4th ed. 2023).

Plaintiff moved for Default Judgment on December 13, 2023, seeking damages against Defendant to be determined in a subsequent proceeding. Mot. [11]. But because Plaintiff's Complaint [1] does not adequately allege an injury in fact as required under Article III of the United States Constitution, the Court will require that Plaintiff file an Amended Complaint sufficiently alleging her injury in fact by April 10, 2024, failing which the Court will dismiss this case for lack of subject-matter jurisdiction. Given the deficiencies in the current record regarding the question of federal subject-matter jurisdiction, the Court will set aside the Clerk's Entry of Default [10] and deny Plaintiff's Motion [11] for Default Judgment.

I. DISCUSSION

A.   Federal jurisdiction generally

Federal courts are courts of limited jurisdiction and "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Whether the issue is raised or not, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

Further, a judgment, including a default judgment, "is void [] if the court that rendered it lacked jurisdiction of the subject matter" of the suit. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). The Court also has discretion to "set

aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Such good cause includes when the Court lacks subject-matter jurisdiction over the case. *Thomas v. Culpepper,* No. 4:18-CV-814-ALM-CAN, 2019 WL 6037992, at *3 (E.D. Tex. July 29, 2019), *report and recommendation adopted*, No. 4:18-CV-814, 2019 WL 4564837 (E.D. Tex. Sept. 20, 2019).

The Constitution limits this Court's subject-matter jurisdiction to "Cases" and "Controversies." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022) (citing U.S. Const. art. III, § 2). A lawsuit does not present "a case or controversy" under Article III "unless the plaintiff can prove that [she] has standing to bring suit." *Id.* (cleaned up).

To allege standing in this case, Plaintiff must allege "(i) that [she] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Plaintiff "must demonstrate standing for each claim that [she] press[es] and for each form of relief that [she] seek[s] (for example, injunctive relief and damages)." *Id.* at 431.

The first requirement demands "that the plaintiff's injury in fact be 'concrete'"—that is, 'real, and not abstract.'" *Id.* at 424 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)). Part of the inquiry includes "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id.* (quoting

3

*Spokeo*, 578 U.S. at 341).  A plaintiff must therefore "have identified a close historical or common-law analogue for [her] asserted injury." *Id.* "The most obvious" examples of such injuries "are traditional tangible harms, such as physical harms and monetary harms." *Id.* at 425.  Examples of intangible harms that can also qualify include "reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.*

Importantly, while Congress may prohibit any conduct within its legislative powers, it may not create private causes of action for injuries that are not concrete. *See id.* at 426 (discussing how Congress "may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is") (internal quotation marks and citation omitted). This Court has a "responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *Id.*  If a plaintiff only alleges a "bare procedural violation" of a federal statute, "divorced from any concrete harm," the Court lacks the power to adjudicate the plaintiff's claim. *Id.* at 440 (cleaned up).

In *Perez*, the Fifth Circuit considered whether a plaintiff alleging violations of the FDCPA, which creates a private right of action, *see* 28 U.S.C. 1692k, had sufficiently alleged an injury in fact, *Perez*, 45 F.4th at 823.  There, the plaintiff "alleged that the [defendant] violated the FDCPA by making a misrepresentation in connection with an attempt to collect her debts"; specifically, that the defendant, a debt collection agency, failed to mention that the debt was unenforceable under state law in a debt-collection letter it sent the plaintiff.  *Id.* at 820.

4

To establish standing, the plaintiff asserted "that the violation of [her] rights under the FDCPA itself qualified as an injury-in-fact," and "that the letter subjected [her] to a material risk of financial harm, that it confused or misled her, and that it required her to waste her time by consulting with an attorney." *Id.* The plaintiff also offered a "theory that the receipt of [an] unwanted letter was analogous to the tort of intrusion upon seclusion." *Id.* The Fifth Circuit rejected all these theories and dismissed the case for lack of standing. *See id.* at 823–27.

*Perez* emphasized that "a risk of injury does not qualify as concrete harm for purposes of a damages claim." *Id.* at 827. That is because monetary damages cannot redress a future injury. *See id.* A plaintiff may have standing to prevent a "sufficiently imminent and substantial" future injury "where a plaintiff requests a forward-looking remedy such as an injunction or declaration." *Id.* (internal citations and quotation marks omitted). To that end, a plaintiff lacks standing to sue for monetary damages because of inaccurate information in her credit file based on "the mere risk that [her] credit report[] would be provided to third-party businesses." *TransUnion*, 594 U.S. at 437.

B.  <u>Plaintiff's allegations in the Complaint [1]</u>

Here, Plaintiff seeks monetary relief under § 1692k of the FDCPA. Compl. [1] at 1. According to the Complaint [1], "Plaintiff was unable to pay her debts, including numerous debts she allegedly owed for medical services." *Id.* at 2. Defendant then "attempted to collect these debts from her via negative credit reporting." *Id.* Plaintiff retained counsel to discuss how to handle Defendant's debt

5

collection efforts, and her attorney wrote Defendant a letter dated April 4, 2023, notifying Defendant that Plaintiff had retained counsel and disputing the debts Defendant intended to collect. *Id.* at 2–3. Plaintiff then "obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant [] had continued to report the debts she allegedly owed but had failed to report that all the debts were disputed." *Id.*

Plaintiff asserts that, because "of Defendant's failure to note that all of the debts were disputed," she "was forced to take an action to her detriment, by taking the time, effort and expense to have her attorney send Defendant yet another letter" concerning her disputed debt. *Id.* Plaintiff also alleges that "Defendant's collection actions alarmed, confused and emotionally distressed [her], harmed her credit reputation, negatively impacted her credit score, caused her to act to her detriment, and cost her time, effort and expense." *Id.* at 4. Plaintiff thus asserts that Defendant violated 28 U.S.C. § 1692e(8)'s mandate that a debt collector communicate when a debt is disputed, *id.* at 4, and § 1692f's prohibition on unfair or unconscionable collection actions, *id.* at 5. Plaintiff demands monetary damages, including actual and statutory damages, costs, and attorneys' fees. *Id.* (citing § 1692k(a)).

Plaintiff's allegations do not show that she has suffered an injury in fact redressable by monetary relief, as required by Article III. Plaintiff claims that she received a misleading letter, that the letter caused her to spend time and expense hiring an attorney, that the letter alarmed and confused her, and that Defendant's

actions harmed her credit score.  *Id.*  None of these alleged harms is sufficient to establish standing for monetary damages.  *See Perez*, 45 F.4th at 823–27.  *Perez* rejected theories of standing that the plaintiff was alarmed or confused by a misleading debt-collection letter, and that the plaintiff spent time and expense hiring counsel and addressing an allegedly false claim in such a letter.  *See id.* at 823–26.  And Plaintiff cannot establish standing to obtain monetary damages based on a claimed reduction in her credit score, given this allegation alone does not establish anything more than a speculative risk of future harm.  *See TransUnion*, 594 U.S. at 437–38.

Accordingly, Plaintiff will be ordered to file an Amended Complaint that establishes Article III standing by April 10, 2024.  The Court will also set aside the Clerk's Entry of Default [10] and deny Plaintiff's Motion [11] for Default Judgment, given it lacks subject-matter jurisdiction over the claims in Plaintiff's Complaint [1].

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that, **on or before April 10, 2024**, Plaintiff Sherry Henderson is required to file an Amended Complaint that properly alleges Article III standing, and thus federal subject-matter jurisdiction.  If Plaintiff fails to do so by this deadline, this Court may dismiss the case without prejudice for lack of federal subject-matter jurisdiction, and without further notice to Plaintiff.

**IT IS, FURTHER, ORDERED** that, the Clerk's Entry of Default [10] is **SET ASIDE**.

**IT IS, FURTHER, ORDERED** that, Plaintiff Sherry Henderson's Motion [11] for Default Judgment is **DENIED**.

**SO ORDERED** this the 27th day of March, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE